UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

IN RE APPLICATION OF THE UNITED   )
STATES OF AMERICA FOR AN ORDER   )
AUTHORIZING THE USE OF PEN   )
REGISTER AND TRAP-AND-TRACE   )
DEVICES, AND THE DISCLOSURE OF   )   Misc. No. 21-CM-60016-EFM
TRANSACTIONAL RECORDS AND   )
INFORMATION FOR FACEBOOK   )   **FILED UNDER SEAL**
ACCOUNT IDENTIFIED AS   )
https://www.facebook.com/profile.php?id=1   )
00016779409145 (Treylis Presley)   )

## APPLICATION

The United States of America, moving by and through David Lind, Assistant United States Attorney for the District of Kansas, and pursuant to Title 18, United States Code, Section 3123, and Title 18, United States Code, Sections 2703(c)(1)(B), (c)(2), and (d), hereby applies for an Order (1) authorizing the installation and use of pen register and trap-and-trace devices, and (2) requesting the production and disclosure of certain transactional records and information from internet service providers and/or remote computing services associated with an account and user of a social networking site, "Facebook," whose service provider is Facebook, Inc., located in Menlo Park, California (hereinafter referred to as the "service provider"), which is further identified as follows:

> **ACCOUNT:** https://www.facebook.com/profile.php?id=100016779409145
> **PROFILE NAME:** Treylis Presley

> (hereinafter referred to as **"the target account"**).

1.      The Government's application seeks an Order:

A.      Pursuant to Title 18, United States Code, Section 3123, authorizing the installation and use of pen register and trap-and-trace devices, without geographic

limitation to: (1) identify the source address of electronic communications directed to, and the destination address of electronic communications originating from **the target account**, along with the date and time of such communications, but not the contents of such communications; and, (2) collect all non-content dialing, routing, addressing, and signaling information originating from or destined to **the target account** including: Internet Protocol address, (to and from) port number assignments, Internet Protocol history, electronic mail header information, Internet Protocol packet header information, and the date, time, and file size (length) of these items for a period of 60 days from the date of the requested Order.

B.     Pursuant to Title 18, United States Code, Sections 2703(c)(1)(B), (c)(2), and (d), directing Facebook, Inc. to provide the agents/officers of the United States Marshals Service (hereinafter referred to as "the investigative agency") certain transactional records and information, but not the contents of any communication, for thirty (30) days prior through the date of the requested Order, the transactional records and information including:

(i)     All basic subscriber information for the **target account**, sometimes referred to as Neoselect information.

(ii)     All transactional data for the **target account**, including date profile created; first and last name provided by user; user ID; e-mail address provided by user; zip code, city, and country provided by user; account creation date and time; IP address at time of sign-up; logs showing IP address assigned to the user and the time stamp at the time the user accessed his/her profile; user's date of birth, gender, hometown, and occupation.

2. In making this application, the Government does not seek the contents of any communication.

In support of this application, the undersigned Assistant United States Attorney states the following:

3. The undersigned Assistant United States Attorney is an "attorney for the Government" as defined in Rule 1(b)(1)(B) of the Federal Rules of Criminal Procedure and, therefore, pursuant to Title 18, United States Code, Sections 2703(c)(1)(B), (c)(2), and (d), and Section 3122(a)(1), may apply for an Order authorizing the disclosure of telecommunication records and information as requested herein.

4. The Government certifies that the information likely to be obtained through the aforesaid pen register and trap-and-trace devices, is relevant to an ongoing investigation by agents/officers of the investigative agency. Specifically, the investigation is to locate PRESLEY, a person to be arrested under Fed. R. Crim. P. 41(c)(4). On December 22, 2020, PRESLEY was indicted for possession of a firearm by a felon, 18 USC 922 (g)(1), along with two counts of possession of a controlled substance, 21 USC 844 (a). PRESLEY's location is currently unknown, and PRESLEY is a fugitive. Based on the investigation to date, USMS investigators believe PRESLEY is using the **target account**.

5. The Government further certifies that there are reasonable grounds to believe that the telecommunication records and information sought are relevant to a legitimate law enforcement inquiry as described in paragraph 4.

6. Regarding the application for a pen register and trap-and-trace devices, the government provides the following information:

A.     A "pen register" is "a device or process which records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted." 18 U.S.C. § 3127(3).  A "trap and trace device" is "a device or process which captures the incoming electronic or other impulses which identify the originating number or other dialing, routing, addressing, and signaling information reasonably likely to identify the source of a wire or electronic communication." 18 U.S.C. § 3127(4).

B.     In the traditional telephone context, pen registers captured the destination phone numbers of outgoing calls, while trap and trace devices captured the phone numbers of incoming calls.  Similar principles apply to other kinds of wire and electronic communications, as described below.

C.     The Internet is a global network of computers and other devices.  Every device on the Internet is identified by a unique number called an Internet Protocol, or "IP" address.  This number is used to route information between devices.  Two computers must know each other's IP addresses to exchange even the smallest amount of information.  Accordingly, when one computer requests information from a second computer, the requesting computer specifies its own IP address so that the responding computer knows where to send its response.  An IP address is analogous to a telephone number and can be recorded by pen-trap devices, and it indicates the online identity of the communicating device without revealing the communication's content.

D.     A network is two or more computers or other devices connected to each other that can exchange information with each other via some transmission method, such as by wires, cables, or radio waves.  The equipment that connects a computer or other

device to the network is commonly referred to as a network adapter. Most network adapters have a Media Access Control ("MAC") address assigned by the manufacturer of the adapter that is designed to be a unique identifying number. An adapter's unique MAC address allows for proper routing of communications on a local area network and may be used for other purposes, such as authentication of customers by some network service providers. Unlike a device's IP address that often changes each time a device connects to the Internet, a MAC address is fixed at the time of manufacture of the adapter. Because the address does not change and is intended to be unique, a MAC address can allow law enforcement to identify whether communications sent or received at different times are associated with the same adapter.

E.      On the Internet, data transferred between devices is not sent as a continuous stream, but rather it is split into discrete packets. Generally, a single communication is sent as a series of packets. When the packets reach their destination, the receiving device reassembles them into the complete communication. Each packet has two parts: a header with routing and control information, and a payload, which generally contains user data. The header contains non-content information such as the packet's source and destination IP addresses and the packet's size.

F.      In addition, different Internet applications are associated with different "port numbers," or numeric identifiers. The port number is transmitted along with any communication using that application. For example, port 80 typically is associated with communications involving the World Wide Web.

7.     For its reasonable grounds in support of its application for the disclosure of transactional records, the Government states as follows:

A.      The investigation is to locate PRESLEY, a person to be arrested under Fed. R. Crim. P. 41(c)(4). 11. On December 22, 2020, PRESLEY was indicted for possession of a firearm by a felon, Title 18 USC 922 (g)(1), along with two counts of possession of a controlled substance, title 21 USC 844 (a). PRESLEY's location is currently unknown. Based on the investigation to date, USMS investigators believe PRESLEY is using **the target account.**

B.      During the investigation, USMS became aware that PRESLEY was utilizing Facebook to communicate.  Specifically, USMS was able to identify a Facebook account page, https://www.facebook.com/trebal.dashootah.1, with the profile name "Trebal Presley."  This account contains pictures of PRESLEY. Under the 'about' section of the identified page the listed date of birth matches PRESLEY's identified date of birth. Additionally, PRESLEY has been known to identify himself under the first name of "Trebal".  It was last used to publicly post on May 2, 2021.

C.      The USMS believes that the requested transactional records and information from Facebook will assist the USMS in PRESLEY's apprehension. Facebook, Inc. can provide investigators with internet protocol (IP) addresses used to access and log into the account.  The IP addresses will enable investigators to ascertain the internet service providers issuing the IP addresses; from there, the internet service providers and investigators can ascertain the physical locations of where the IP addresses were being accessed and utilized.  Through this method, investigators will attempt to locate PRESLEY.

8.      The Government further requests that the Order direct the aforementioned "service provider" to initiate the pen register and trap-and-trace devices, and provide the requested information, without the knowledge of or notification to the subscriber.

9.      The Government further requests that the Order direct the furnishing of information, facilities, and technical assistance, as necessary, to unobtrusively accomplish the installation and use of the pen register and trap-and-trace devices, including enhanced caller identification, by the aforementioned "service provider" and with a minimum of disruption of normal service.

10.      The Government further requests that the Order direct that the results of the pen register and trap-and-trace devices be provided to the agents/officers of the investigative agency at reasonable intervals for the duration of the Order.

11.      The Government further requests that the Order direct that the requested transactional records and information be provided to the agents/officers of the investigative agency at reasonable intervals for the duration of the Order.

12.      The Government also requests that the Court issue an Order, pursuant to Title 18, United States Code, Sections 2703(c)(1)(B), (c)(2), and (d), directing the aforementioned "service provider" to provide forthwith the requested transactional records and information to the agents/officers of the investigative agency.

13.      The Government anticipates that, pursuant to the proposed Order, the investigative agencies will receive Internet Protocol addresses captured on the pen register and trap and trace device installed through the service provider as well as historical Internet Protocol address logs and data. The government further requests that, pursuant to Title 18, United States Code, Sections 2703(c)(1)(B), (c)(2), and (d), that the internet service provider or remote computing services affiliated with those Internet Protocol addresses provide all information concerning the account assigned to the specific Internet Protocol address at the specific date and time, to include:

7

(i)    subscriber number or identity information; name; address; alternate accounts subscribed to or used by the same subscriber;

(ii)    connection records, or records of session times and durations;

(iii)    length of service (including start date) and types of service utilized;

(iv)    Internet protocol (IP) assigned at creation and, all temporarily assigned IP addresses or numbers affiliated with the target account; and source and termination ports/points; and

(v)    the name and source of payment for such service (including any credit card or bank account number).

14.    The Government further requests that the Order direct the investigative agency to provide the aforementioned "service provider" just compensation for reasonable expenses incurred in providing such information, facilities and technical assistance.

15.    Pursuant to Title 18, United States Code, Section 2703(c)(3), the Government entity or agency receiving these records or information as a result of this Application and accompanying Order will not provide notice to the subscriber or customer of **the target account**.

16.    The Government further requests that this Application and Order be sealed by the Court until such time as the Court directs otherwise, since disclosure at this time would seriously jeopardize the investigation.

17.    The Government further request that the Court order that the USMS have access to the information collected by the pen-trap devices as soon as practicable, twenty-four hours per day, or at such times as may be acceptable to them, for the duration of the Order.

18.    This Court has authority under Title 18, United States Code Section 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing

8

service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.* In this case, such a command is appropriate because the requested Order is related to an ongoing criminal investigation that is neither public nor known to the subjects of the investigation.

Some of the evidence in this investigation is stored electronically. If alerted to the investigation, the subjects could destroy that evidence, including information saved in other electronic storage media. Accordingly, there is reason to believe that notification of the existence of this Application and any Court order issued will seriously jeopardize the investigation, including giving the subjects an opportunity to: flee, destroy and/or tamper with evidence; change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2),(3),(5).

Based on the foregoing, the United States requests that the Court include in its Order, pursuant to 18 U.S.C. § 2705(b), a command that the aforementioned "service provider" and any other applicable service providers, not notify any person of the existence of the Order for a period of one year. The government will (a) notify the court when either an indictment or information in this underlying investigation has been returned and unsealed, or the government finalizes or closes the underlying criminal investigation, and, when appropriate, (b) move for a court order that allows the provider of electronic communications service to notify others of the existence of the court order.

**WHEREFORE**, the Government respectfully requests that the Court grant an Order (1) pursuant to Title 18, United States Code, Section 3123, authorizing the installation and use of pen register and trap-and-trace devices, on the aforesaid **target account** under the aforesaid conditions, for the above-specified period of time; (2) pursuant to Title 18, United States Code, Sections 2703(c)(1)(B), (c)(2), and (d), directing Facebook, Inc. and other Internet Service providers and remote computing services to furnish the requested information; and (3) pursuant to Title 18, United States Code, Section 2705(b), commanding Facebook, Inc. and other Internet Service providers and remote computing services not to disclose the existence or content of this Application and any Order issued. The United States further requests that the Court order that this application and any resulted order be sealed.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

EXECUTED ON May 7, 2021.

David Lind
Assistant United States Attorney

10